Case 4:17-cv-01272 Document 14 Filed on 01/09/18 in TXSD Page 1 of 10

United States District Court
Southern District of Texas

**ENTERED**
January 09, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA FREEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1272 |
| | § | |
| OCCIDENTAL PETROLEUM | § | |
| CORPORATION AND OXY ENERGY | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants Occidental Petroleum Corporation ("Occidental") and Oxy Energy Services (collectively, "Defendants") Motion to Compel Arbitration (Doc. 12). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

### I. Case Background

Plaintiff filed this action alleging that Defendants violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act,[2] the Family Medical Leave Act[3] ("FMLA"), and the Texas Commission on Human Rights Act[4] in the course of her

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 6, Ord. Dated July 27, 2017.

[2] 42 U.S.C. § 12112.

[3] 29 U.S.C. §§ 2601-2654.

[4] Tex. Lab. Code §§ 21.001-21.556.

employment and termination.[5]

Plaintiff commenced working for Occidental as a contract attorney under the Oxy Energy Services Group in March 2010.[6] After one year, Plaintiff was made an employee.[7] Plaintiff took FMLA leave for migraine headaches in August 2015, underwent surgery, and returned to work in November 2015.[8] Plaintiff alleges that she was treated differently after she returned.[9] After a series of perceived slights, Plaintiff complained to human resources on December 17, 2015.[10] The next day, Plaintiff was confronted with accusations of repeated tardiness and unprofessional behavior.[11] Plaintiff was terminated after this meeting.[12]

Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission on May 2, 2016, and received her right to sue letter from the EEOC on January 26, 2017.[13] Plaintiff filed her complaint

---

[5]   See Doc. 1, Pl.'s Compl.

[6]   See id. p. 2.

[7]   See id.

[8]   See id.

[9]   See id. pp. 2-3.

[10]  See id. p. 3.

[11]  See id. pp. 3-4.

[12]  See id. p. 4.

[13]  See id. p. 2.

with this court on April 25, 2017.[14]  On August 16, 2017, Defendants filed the pending motion to compel arbitration.[15]  In a hearing the following day, Plaintiff requested an extension to obtain counsel and respond to the motion, and the court gave her until September 27, 2017.[16]  Plaintiff never filed a response.

In the motion to compel arbitration, Defendants contend that Plaintiff consented to arbitration in three separate agreements, signed in 2013, 2014, and 2015.[17]  These arbitration provisions were conditions of agreements involving Defendants' Long Term Incentive Awards.[18]  The arbitration provisions are as follows:

**Arbitration Provisions**

> Any dispute arising out of or in any way related to the Grantee's employment with the Company, or the termination of that employment will be decided exclusively by final and binding arbitration pursuant to any procedures required by applicable law.  To the extent not inconsistent with the applicable law, any arbitration will be submitted to American Arbitration Association ("AAA") and subject to AAA Employment Arbitration Rules and Mediation Procedures in effect at the time of filing of the demand for arbitration. Only  the following claims are excluded from these Terms and Conditions: (1) claims for workers' compensation, unemployment compensation, or state disability benefits, and claims based on any pension or welfare benefit plan the terms of which contain an arbitration or other non-judicial dispute resolution procedure, (2) to the extent permitted

---

[14]   See id.

[15]   See Doc. 12, Defs.' Mot. to Compel Arb.

[16]   See Doc. 13, Minute Entry Ord. Dated Aug. 17, 2017.

[17]   See Doc. 12, Defs.' Mot. to Compel Arb. pp. 1-2.

[18]   See id. p. 2.

> by applicable law, claims for provisional remedies to maintain the status quo pending the outcome of arbitration, (3) claims based on compensation award agreements and incentive plans and (4) claims which are not permitted by applicable law to be subject to a binding pre-dispute arbitration agreement.
>
> Any controversy regarding whether a particular dispute is subject to arbitration under this Section shall be decided by the arbitrator.
>
> To the extent required under applicable law, the Grantee's responsibility for payment of the neutral arbitrator's fees and expenses shall be limited to an amount equal to the filing fee that would be required for a state court trial action and the Company shall pay all remaining fees and expenses of the arbitrator. Unless otherwise required under applicable law, the parties shall each pay their pro rata share of the neutral arbitrator's expenses and fees. Any controversy regarding the payment of fees and expenses under this arbitration provision shall be decided by the arbitrator.
>
> The arbitrator may award any form of remedy or relief (including injunctive relief) that would otherwise be available in court. Any award pursuant to said arbitration shall be accompanied by a written opinion of the arbitrator setting forth the reason for the award. The award rendered by the arbitrator shall be conclusive and binding upon the parties hereto, and judgment upon the award may be entered, and enforcement may be sought in, any court of competent jurisdiction. To the extent not inconsistent with applicable laws, the arbitrator will have the authority to hear and grant motions.[19]

Plaintiff accepted the Long Term Incentive Plan in 2013, 2014, and 2015.[20] These agreements were executed between Plaintiff and

---

[19] See Doc. 12-1, Ex. 1 to Defs. Mot. to Compel Arb., Pl.'s Acceptance of 2013, 2014, & 2015 Long Term Incentive Plan pp. 1-3; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2014 Long Term Incentive Plan Agreement p. 9; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2013 Long Term Incentive Plan Agreement p. 9; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2015 Long Term Incentive Plan Agreement p. 6.

[20] See Doc. 12-1, Ex. 1 to Defs. Mot. to Compel Arb., Pl.'s Acceptance of 2013, 2014, & 2015 Long Term Incentive Plan pp. 1-3.

Occidential, and Oxy is a subsidiary of Occidental.[21]

## II. Legal Standard

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA allows a party that has entered an arbitration agreement to request an order compelling the parties to proceed with arbitration. 9 U.S.C. § 4. If the court is "satisfied" that an action is subject to an enforceable arbitration provision, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The United States Supreme Court has repeatedly affirmed that the FAA established "a liberal federal policy favoring arbitration agreements." CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012)(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)); see also AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)(stating that the FAA reflects "both a liberal federal policy favoring arbitration and the fundamental

---

[21] See Doc. 1, Pl.'s Compl. p. 2; Doc. 12, Defs.' Mot. to Compel Arb. p. 2; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2014 Long Term Incentive Plan Agreement p. 1; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2013 Long Term Incentive Plan Agreement p. 1; Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2015 Long Term Incentive Plan Agreement p. 1.

principle that arbitration is a matter of contract.")(internal quotations and citations omitted).

Courts perform a two-prong inquiry when determining whether to compel a party to arbitrate: (1) whether the parties agreed to arbitrate, and (2) whether a federal statute or policy overrides the parties' agreement to arbitrate. Dealer Computer Servs., Inc. v. Old Colony Motors, Inc., 588 F.3d 884, 886 (5th Cir. 2009).

The first prong of the inquiry has two parts: (1) "whether a valid agreement to arbitrate exists," and (2) "whether the dispute falls within that agreement." Id. "Beyond this analysis, the courts generally do not delve further into the substance of the parties' disputes." Id. at 886-87. Normally, both of these questions are decided by the court. Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 201 (5th Cir. 2016).[22]

In analyzing whether there is a valid arbitration agreement between the parties, courts apply state contract law, looking at general contract principles to determine validity. Banc One

---

[22] Under the Kubala framework, the Fifth Circuit recently held that "if a party asserts that an arbitration agreement contains a delegation clause, this court only asks (1) whether the parties entered into a valid arbitration agreement and, if so, (2) whether the agreement contains a valid delegation clause." Reyna v. Int'l. Bank of Commerce, 839 F.3d 373, 378 (5th Cir. 2016)(emphasis added). Kubala specifies that this analysis only takes place "if the party seeking arbitration points to a purported delegation clause." 830 F.3d at 202. While the arbitration provision in this case incorporates the AAA rules, which the Fifth Circuit has stated evinces an intent to delegate questions of arbitrability and scope to the arbitrator, Defendants have not pointed this out in their motion, and the court will not consider this in the analysis. See Cooper v. WestEnd Capital Mgmt., LLC, 832 F.3d 534, 546 (5th Cir. 2016)("express adoption of [the AAA] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.")

6

Acceptance Corp. v. Hill, 367 F.3d 426, 431 (5th Cir. 2004). There is a "strong presumption in favor of arbitration," and the burden is on the party challenging the arbitration agreement to show it is invalid. Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 297 (5th Cir. 2004).

"[W]here the contract contains an arbitration clause, there is a presumption of arbitrability." Tittle v. Enron Corp., 463 F.3d 410, 418 (5th Cir. 2006)(quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)). The presumption is so strong that only "the existence of an express provision excluding the grievance from arbitration" or "the 'most forceful evidence' of a purpose to exclude the claim from arbitration" will rebut it. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union Local No. 4-2001 v. ExxonMobil Ref. & Supply Co., 449 F.3d 616, 619-20 (5th Cir. 2006)(quoting Commc'ns Workers of Am. v. Sw. Bell Tel. Co., 415 F.2d 35, 39 (5th Cir. 1969)); see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991)(quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 24, as stating, "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.").

### III. Analysis

Defendants contend that the arbitration agreement is valid, was accepted by Plaintiff, and Plaintiff's claims fall within the scope of the agreement. Plaintiff has not responded.

7

Here, Defendants have evidence that Plaintiff accepted the Long Term Plan Incentives on an annual basis in 2013, 2014, and 2015. These contracts each contained an arbitration provision. As Plaintiff has not filed anything in response, she has clearly not met her burden to demonstrate that the arbitration agreements are invalid.

Next, the court must determine whether Plaintiff's claims fall within the scope of the arbitration agreements. It is well-established that employment discrimination claims can be subject to arbitration provisions. See, e.g., Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229, 230 (5th Cir. 1991); Gilmer, 500 U.S. at 26. The arbitration agreement provides in part, "[a]ny dispute arising out of or in any way related to the Grantee's employment with the Company, or the termination of that employment will be decided exclusively by final and binding arbitration pursuant to any procedures required by applicable law."[23] This provision is written broadly to encompass any dispute arising out of Plaintiff's employment with the company or termination. Plaintiff's claims for discrimination and retaliation clearly relate to her employment and termination with Defendants. These claims do not fall under any of the categories explicitly excluded in the arbitration agreement.[24]

---

[23] Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2014 Long Term Incentive Plan Agreement p. 9.

[24] The arbitration agreement specifically excludes the following claims: (1) claims for workers' compensation, unemployment compensation, or

8

Therefore, the court finds that Plaintiff's claims fall within the scope of the arbitration agreement. As there appears to be no federal statute or policy that overrides the parties' agreement to arbitrate, Plaintiff's claims should be sent to arbitration.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to compel arbitration be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

---

state disability benefits, and claims based on any pension or welfare benefit plan the terms of which contain an arbitration or other non-judicial dispute resolution procedure, (2) to the extent permitted by applicable law, claims for provisional remedies to maintain the status quo pending the outcome of arbitration, (3) claims based on compensation award agreements and incentive plans and (4) claims which are not permitted by applicable law to be subject to a binding pre-dispute arbitration agreement.

See Doc. 12-2, Ex. 2 to Defs.' Mot. to Compel Arb., 2014 Long Term Incentive Plan Agreement p. 9. Plaintiff's claims do not fall under any of these categories.

**SIGNED** in Houston, Texas, this 9th day of January, 2018.

_____
U.S. MAGISTRATE JUDGE